IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-455-BO-BM

| | | |
|---|---|---|
| BRITTANY MONET BAINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| LOGS LEGAL GROUP LLP, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on the memorandum and recommendation of United States Magistrate Judge Brian S. Meyers. [DE 18]. Magistrate Judge Meyers has recommended that plaintiff's motion to proceed *in forma pauperis* be denied and that plaintiff be ordered to pay the filing fee not later than November 14, 2025. Magistrate Judge Meyers further recommends that plaintiff's motion to expedite be denied as moot. Plaintiff has filed an objection to the recommendation of the magistrate judge. [DE 19]. Plaintiff objects to the memorandum and recommendation on the grounds that, among other things, her income is not discretionary or excessive, that the government shutdown imposes additional hardship, that plaintiff faces burdens from overlapping litigation, and that she is facing involuntary military separation. *Id.*

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up) (emphasis omitted); *see also* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3). A party's objections must be made "with sufficient specificity so as reasonably to alert

the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "[W]hen reviewing pro se objections to a magistrate's recommendation, district courts must review de novo any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 460–61 (4th Cir. 2023). Where no specific objections have been filed, the court reviews for clear error only. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). On clear error review, the court has no obligation to explain its reasoning for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

On November 14, 2025, plaintiff paid the filing fee. Accordingly, her motion to proceed *in forma pauperis* [DE 2] is DENIED AS MOOT. The Court has considered plaintiff's motion to expedite *de novo* and finds no basis to expedite the handling of this case. The motion to expedite [DE 4] is DENIED. The memorandum and recommendation [DE 18] is ADOPTED IN PART insofar as it permits plaintiff through and including November 14, 2025, to timely pay the filing fee and recommends denial of plaintiff's motion to expedite. The remainder of the memorandum and recommendation is REJECTED as MOOT as plaintiff has paid the filing fee.

SO ORDERED, this ___ day of November 2025.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE