IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-455-BO

| | | |
|---|---|---|
| BRITTANY MONET BAINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER and** |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| LOGS LEGAL GROUP LLP, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the following motions filed by *pro se* plaintiff Brittany

Monet Baines ("plaintiff"): (i) motion for entry of default against LOGS Legal Group, LLC

("LOGS" or "defendant") [DE-10] ("first motion for entry of default"); (ii) motion to expedite

consideration of supplemental judicial notice [DE-12] ("motion to expedite consideration"); (iii)

motion for default judgment [DE-15]; (iv) motion to clarify status, request for filing ruling without

hearing, waive discovery, and assert rights to timely judicial relief [DE-16] ("motion to clarify

status"); (v) judicial notice and motion to compel ruling on IFP and default timeline [DE-17]

("judicial notice and motion to compel ruling"); (vi) motion to reinstate submission of fully ripe

motions [DE-23] ("motion to reinstate"); (vii) motion to expedite ruling on defendant's motion for

extension of time [DE-29] ("motion to expedite ruling"); and (viii) motion for entry of default as

to LOGS Legal Group, LLP [DE-30] ("second motion for entry of default").[1]  These motions were

referred to the undersigned magistrate judge, pursuant to 28 U.S.C. § 636(b)(1)(A).

For the reasons stated below, (i) plaintiff's motion to expedite consideration [DE-12] is

DENIED AS MOOT; (ii) plaintiff's motion to clarify status [DE-16] is GRANTED IN PART and

---

[1] LOGS' motion to dismiss for failure to state a claim [DE-32] ("motion to dismiss") is also before the court. This motion, however, has not yet been fully briefed and the time to do so has not yet expired.  Accordingly, the motion to dismiss will be addressed by separately by the court.

DENIED IN PART; (iii) plaintiff's judicial notice and motion to compel [DE-17] is DENIED AS MOOT; (iv) plaintiff's motion to reinstate [DE-23] is DENIED AS MOOT; and (v) plaintiff's motion to expedite ruling [DE-29] is DENIED AS MOOT.

Also for the reasons stated below, the undersigned RECOMMENDS that the court (i) DENY plaintiff's first motion for entry of default [DE-10]; (ii) DENY plaintiff's second motion for entry of default [DE-30]; and (iii) DENY plaintiff's motion for default judgment [DE-15].

## I. BACKGROUND

### A. Procedural Background

On July 29, 2025, plaintiff, proceeding *pro se*, filed her original complaint [DE-1], a motion for leave to proceed *in forma pauperis* [DE-2], and a motion to expedite review and relief [DE-4]. On August 5, 2025, plaintiff filed a "Notice of Service of Summons and Complaint" [DE-5], attaching (i) an executed proof of service form (AO 440), representing that plaintiff personally mailed a summons to LOGS [DE-5-1], and (ii) a copy of the United States Postal Service ("USPS") priority mail label [DE-5-2]. On August 5, 2025, plaintiff filed an amended complaint [DE-6].

On August 27, 2025, plaintiff filed her first motion for entry of default [DE-10], attaching an affidavit [DE-10-1] and a "Supplemental Certificate of Service and Notice of Cured Service," asserting that service was effected on defendant's registered agent [DE-10-2]. On the same day, plaintiff filed a "Judicial Notice and Supporting Statement" [DE-11] ("supplemental judicial notice"), as well as a motion to expedite consideration [DE-12] of her supplemental judicial notice.

On August 29, 2025, plaintiff filed a motion for default judgment, stating that LOGS had (i) "failed to plead, answer, or otherwise defend the action within the time prescribed" and (ii) "also failed to file any Notice of Appearance or request for extension of time, despite verified receipt of the Summons and Amended Complaint." [DE-15] at 1. On September 25, 2025,

2

plaintiff filed her motion to clarify status. [DE-16]. On September 26, 2025, plaintiff filed her judicial notice and motion to compel ruling. [DE-17].

On October 16, 2025, the undersigned issued a memorandum recommending that (i) plaintiff's motion to proceed *in forma pauperis* [DE-2] be denied, (ii) her motion to expedite [DE-4] be denied, and (iii) "[p]laintiff [be allowed to] tender to the clerk the filing fee of $405.00 not later than November 14, 2025." [DE18] at 2. Subsequently, on November 14, 2025, plaintiff paid the $405.00 filing fee in this matter. On November 21, 2025, United States District Judge Terrence W. Boyle issued an order denying plaintiff's motion to proceed *in forma pauperis* [DE-2] and motion to expedite [DE-4]. Also on November 21, 2025, the clerk of court issued a summons for LOGS with the following text notice entered in the public docket of this case: "NOTICE: Plaintiff shall print the attached summons and serve with other case opening documents in accordance with Fed. R. Civ. P. 4." *See* Docket Text Notice at [DE-22].

On December 15, 2025, plaintiff filed her motion to reinstate [DE-23], as well as a "Certificate of Service" [DE-24]. The certificate of service provides that plaintiff "served" LOGS with copies of the summons issued by the clerk of court, a civil cover sheet, and the original complaint "by placing [the documents] in a sealed envelope [addressed to LOGS] with postage prepaid" and sending the envelope via U.S. Mail. Plaintiff attaches a copy of the USPS priority mail label as an exhibit [DE-24-1].

On December 22, 2025, plaintiff filed a "Supplemental Notice of Re-Service and Rule 4 Compliance." [DE-25]. In the notice, plaintiff advises the court that she "re-mailed the full service packet, including the signed/sealed summons, complaint, civil cover sheet, and USPS tracking to the updated address" once she learned that LOGS' address had changed. [DE-25] at 1. Plaintiff attaches a copy of USPS priority mail labels [DE-25-1] addressed to LOGS, and USPS tracking

information [DE-25-2].

On January 5, 2026, Jason K. Purser filed (i) a notice of appearance on behalf of LOGS [DE-26], and (ii) a motion for extension of time [DE-27] to respond to plaintiff's complaint ("motion for extension of time").  On January 8, 2026, plaintiff filed (i) a response in opposition [DE-28] to LOGS' motion for extension of time, and (ii) the motion to expedite ruling on LOGS' motion for extension of time [DE-29].  On January 14, 2026, plaintiff filed her second motion for entry of default as to LOGS.  [DE-30].

On February 10, 2026, the court granted LOGS' motion for extension of time, and extended the time for LOGS to respond to plaintiff's complaint until February 12, 2026.  [DE-31].  On February 10, 2026, LOGS filed its motion to dismiss [DE-32] with a memorandum in support [DE-33], and five exhibits [DE-33-1 to DE-33-5].

On February 17, 2026, plaintiff filed a "supplemental notice" [DE-35] (i) in support of her second motion for entry of default [DE-30], and (ii) in opposition to LOGS' motion to dismiss [DE-32].

**B.      Plaintiff's Amended Complaint**

Plaintiff's amended complaint [DE-6] alleges that LOGS engaged in "fraudulent document preparation, unauthorized foreclosure action, and systemic legal misconduct in connection with Plaintiff's VA-backed mortgage."  *Id* at 1.  Plaintiff contends that LOGS "engaged in deceptive servicing tactics, improperly substituted trustees, and filed false legal instruments during a time the plaintiff was actively pursuing loss mitigation and modification options."  *Id*.  Plaintiff asserts that this court has jurisdiction under 28 U.S.C. §§ 1331 and 1367 "due to violations of federal law and related state claims."  *Id.*

Plaintiff alleges that she was seeking loan modification through Carrington Mortgage

4

Services between 2023 and 2025, when LOGS filed an "Appointment of Substitute Trustee, and initiated foreclosure without proper legal basis or notice." *Id.* Plaintiff claims that (i) foreclosure filings, and related documents, were prepared using "robo-signed signatures and recycled notary seals"; (ii) that the same "agreement date" appeared on loan modifications prepared by the same individual, but issued a year apart; (iii) an individual "signed documents under two different roles within the same filing period"; and (iv) a notary "notarized multiple critical documents with incomplete or invalid certificates." *Id*. at 1-2. As a result of these actions, plaintiff alleges she "suffered reputational harm, credit damage, emotional distress, and economic loss." *Id*. at 2.

Plaintiff brings five claims against LOGS in her amended complaint: (i) violation of the Fair Debt Collection Practices Act, under 15 U.S.C. §§ 1692(e) and (f); (ii) "Fraudulent Misrepresentation and Document Fabrication"; (iii) violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C.G.S § 75-1.1; (iv) "Abuse of Process and Constructive Fraud"; and (v) "Negligent Misrepresentation and Legal Malpractice." *Id.*

In relief, plaintiff seeks that the court (i) "[e]nter judgment in plaintiff's favor on all counts"; (ii) "[a]ward compensatory and punitive damages in the amount up to $421,709.71 or as proven at trial"; (iii) "[g]rant declaratory relief and an order striking all false filings from county records"; and (iv) "order sanctions or further equitable relief as the Court deems appropriate." *Id.*

## II. ORDER

### A. Plaintiff's Motion to Expedite Consideration [DE-12]

On August 27, 2025, plaintiff filed a motion to expedite [DE-12] consideration of her supplemental judicial notice [DE-11]. In the concurrently filed supplemental judicial notice, plaintiff requests "recognition of pattern, strategic non-appearance, and confirmed multi-state misconduct tied to substitute trustee role and mortgage-related harm" and seeks "to alert the Court

5

of two critical developments: (1) [LOGS'] deliberate failure to appear or file an answer within the required time frame, and (2) documented, multi-jurisdictional misconduct involving LOGS and its agents in executing substitute trustee roles, robo-signing, and fraudulent foreclosure filings." [DE-11-1] at 1.  Plaintiff asserts that this information is "material to the Court's evaluation of Plaintiff's pending Motion for Default Judgment and warrant expedited judicial recognition." *Id.*

The undersigned considers plaintiff's multiple motions for entry of default below and does not find that any information in the supplemental judicial notice [DE-11] or motion to expedite consideration [DE-12] impacts or changes the analysis therein.  While not entirely clear, it appears that plaintiff may be attempting to provide information in her supplemental judicial notice [DE-11] and motion to expedite consideration [DE-12] related to the substantive merits of the claims in her amended complaint [DE-6].  To the extent that plaintiff seeks to amend or supplement her complaint, she must make an appropriate filing to that effect.  *See* Fed. R. Civ. Proc. 15.  While plaintiff cites multiple cases purportedly involving LOGS in her supplemental judicial notice, she does not provide any case citations, nor does she explain why such cases are relevant to any specific motion or response to a motion that is before the court.  For the avoidance of doubt, the undersigned does not find that information proffered in plaintiff's supplemental judicial notice [DE-11] or motion to expedite consideration [DE-12] impacts the analysis of any of the findings herein.  Moreover, as the undersigned considers plaintiff's supplemental judicial notice herein, plaintiff's motion for expedited consideration is moot.  Accordingly, plaintiff's motion to expedite consideration [DE-12] is DENIED AS MOOT.

**B.**     **Plaintiff's Motion to Clarify Status [DE-16]**

In her motion to clarify status [DE-16], plaintiff seeks to (1) "[c]larify the procedural posture of this case"; (2) "[r]equest immediate ruling on all pending motions"; (3) "[w]aive any

formal discovery or hearing"; (4) "[r]eassert the integrity and sufficiency of the record"; and (5) "[c]all attention to ongoing prejudice and improper delay." [DE-16] at 1.

The answer to the majority of plaintiff's queries can be found in the Federal Rules of Civil Procedure and the Local Civil Rules. At the same time, while "[a] district court is not required to act as an advocate for a *pro se* litigant," the district court may "advise [a *pro se* litigant] how to proceed and direct or permit amendment of the pleadings to bring [the necessary parties] before the court." *Gordon v. Leeke*, 574 F.2d 1147, 1152-53 (4th Cir. 1978). Accordingly, the court will GRANT IN PART plaintiff's motion to clarify status [DE-16] to the extent that it will address the queries raised in plaintiff's motion.

In response to plaintiff's first and second requests, the undersigned notes that LOGS' motion to dismiss [DE-32] is currently pending before the court and all other pending motions are being addressed in the instant order and memorandum and recommendation. If the court denies LOGS' motion to dismiss, absent further directives, it will order the parties to conduct a Rule 26(f) conference in accordance with Federal Rule of Civil Procedure 16(b). At such discovery conference and in any subsequently filed 26(f) report, plaintiff may advise LOGS or the court, as relevant, of her preference to forgo discovery in this case. Any limitations on discovery beyond those set out in the Federal Rules of Civil Procedure and the Local Civil Rules will be established by the court in a scheduling order, to the extent this case reaches a posture requiring one.

To the extent that plaintiff's request to "[r]eassert the integrity and sufficiency of the record" ([DE-16] at 1) is intended to argue that this case is ripe for summary judgment, the court disagrees and finds that "[s]ummary judgment should only be granted 'after adequate time for discovery.'" *Boyle v. Azzari*, 107 F.4th 298, 301 (4th Cir. 2024) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). The court notes that plaintiff's

7

motions for entry of default and default judgment are addressed below.

Plaintiff seeks to "[c]all attention to ongoing prejudice and improper delay." [DE-16] at 1. Having reviewed the docket, the court finds no improper delay or prejudice caused by defendant in this case, as its actions have been consistent with the Federal Rules of Civil Procedure and the Local Civil Rules. To the extent that plaintiff sought any further relief in her motion to clarify status [DE-16], such relief is DENIED.

Accordingly, plaintiff's motion to clarify status [DE-16] is GRANTED IN PART and DENIED IN PART.

### C.    Plaintiff's Judicial Notice and Motion to Compel Ruling [DE-17]

In her judicial notice and motion to compel ruling [DE-17], plaintiff seeks information on the status of her *in forma pauperis* motion and clarification on the validity of her service. [DE-17] at 1. Specifically, plaintiff asks that the court to rule on her (i) *in forma pauperis* motion [DE-2]; (ii) motion to expedite [DE-4]; (iii) first motion for entry of default [DE-10]; and (iv) motion for default judgment [DE-15]. *Id.* at 2. Plaintiff also requests the court:

> [(1)] Acknowledge and confirm the validity of [p]laintiff's service, given the official issuance of summons on August 2 and [d]efendant's confirmed receipt of all filings shortly thereafter;
>
> [(2)] Confirm that the timeline for [d]efendant's response has not restarted and remains governed by the original service date and associated deadlines;
>
> [(3)] Confirm the validity of [p]laintiff's service as submitted in Doc 5; . . .
>
> [(4)] Clarify whether any new service is required or whether Rule 4(m) will be honored given [p]laintiff's prior efforts;

[DE-17] at 2.

The court has already ruled on plaintiff's motion to proceed *in forma pauperis* [DE-2] and her motion to expedite [DE-4]. Plaintiff's other queries appear to relate to plaintiff's attempts to

8

serve LOGS, as well as the status of her motions related to default and default judgment, which the undersigned addresses below. To the extent that plaintiff has legal queries that are not addressed below, the court notes that it cannot serve in the role of counsel for plaintiff, *cf. Gordon*, 574 F.2d at1152-53.

Accordingly, plaintiff's judicial notice and motion to compel ruling [DE-17] is DENIED AS MOOT.

**D.      Plaintiff's Motion to Reinstate [DE-23]**

In her motion to reinstate [DE-23], plaintiff asks the court to rule on her first motion for entry of default [DE-10], motion to expedite consideration [DE-12], motion for default judgment [DE-15]; motion to clarify status [DE-16]; and judicial notice and motion to compel [DE-17]. [DE-23]. Plaintiff also appears to object to the referral of her motion for default judgment [DE-15] to the undersigned for a memorandum and recommendation. As the undersigned rules upon or provides a recommendation on each of the motions cited by plaintiff in her motion to reinstate, plaintiff's request for the court to rule on such motions is moot. Additionally, the undersigned notes that pursuant to 28 U.S.C. § 636(b)(1)(B), a magistrate judge may submit a memorandum and recommendation on dispositive motions, including motions for default judgments. 28 U.S.C. § 636(b)(1)(B). Accordingly, plaintiff's motion to reinstate [DE-23] is DENIED AS MOOT.

**E.      Plaintiff's Motion to Expedite Ruling [DE-29]**

In her motion to expedite, plaintiff asks the court to expedite its ruling on LOGS' motion for extension of time [DE-29]. As the court ruled on LOGS' motion for extension of time on February 10, 2026, (*see* [DE-31]) plaintiff's motion to expedite ruling [DE-29] is moot. Accordingly, plaintiff's motion to expedite ruling [DE-29] is DENIED AS MOOT.

9

### III. MEMORANDUM AND RECOMMENDATION
### PLAINTIFF'S FIRST MOTION FOR ENTRY OF DEFAULT [DE-10]; SECOND MOTION FOR ENTRY OF DEFAULT [DE-30]; and MOTION FOR DEFAULT JUDGMENT [DE-15]

In her first motion for entry of default [DE-10], plaintiff alleges that she filed her original complaint on July 31, 2025, served [LOGS] on August 4, 2025, "as evidenced by USPS proof of delivery," and filed her amended complaint on August 5, 2025, which was delivered to LOGS on August 6, 2025. [DE-10]. Plaintiff claims that "[a]s of August 26, 2025, the deadline for response has expired, and [d]efendant is in default." *Id.*

In her second motion for entry of default [DE-30], plaintiff contends that "[s]ervice of the Summons and Complaint was perfected on December 22, 2025, as evidenced by the attached USPS delivery confirmation" and that "[p]ursuant to Rule 12(a)(l)(A)(i), [d]efendant's deadline to answer or otherwise respond was January 12, 2026." [DE-30].

In her motion for default judgment, plaintiff notes that she had already requested an entry of default and now requests $519,500 as set out in a statement of damages. [DE-15].

**A.     Applicable law**

Rule 55 of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Nevertheless, "[i]t is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default . . . may be entered against a defendant." *Dingle v. Baggett*, No. 5:19-CV-00425-D, 2020 WL 4342212, at *2 (E.D.N.C. July 28, 2020) (second alteration in original) (quoting *Md. State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996)); *see also Hinson-Gribble v. United States Off. of Pers. Mgmt.*, No. 5:16-CV-00070-FL, 2018 WL

4016302, at *2 (E.D.N.C. Aug. 22, 2018).  "The plaintiff bears the burden of establishing that service of process was effective."  *Dingle*, 2020 WL 4342212, at *2 (citing *Ayres v. Ocwen Loan Servicing, LLC*, 129 F. Supp. 3d 249, 261 (D. Md. 2015)).

Rule 4 of the Federal Rules of Civil Procedure provides the requirements for a party to effect proper service.  *See* Fed. R. Civ. P. 4.  A civil summons must be issued to plaintiff for service by the clerk of court bearing the clerk's signature and seal.  Fed. R. Civ. P. 4(a)(1)(F)-(G), (b); *see also Guess v. Daniel Coble As Richland Cnty. Cir. Court*, No. 3:24-68-MGL-PJG, 2024 U.S. Dist. LEXIS 152864, at *4 (D.S.C. July 11, 2024) (finding that plaintiff failed to show that he served defendants where "Guess shows that he sent a copy of the Complaint by certified mail to each defendant, but he did so prior to the Clerk of Court's issuance of the summons.").  The clerk of court issued the summonses in this case on November 21, 2025.  *See* [DE-22].  Under Federal Rule of Civil Procedure 4(l)(1) "[u]nless service is waived, proof of service must be made to the court" and "[e]xcept for service by a United States marshal or deputy marshal, proof must be by the server's affidavit."  Fed. R. Civ. P. 4(l)(1).  Additionally, the Federal Rules of Civil Procedure provide that service must be effected by "a person who is at least 18 years old and *not a party*."  Fed. R. Civ. P. 4(c)(2) (emphasis added).  This court has repeatedly found this prohibition on a plaintiff effecting service  to include "personally placing the summons and complaint in the mail."  *See Locust v. Stroud*, No. 4:17-CV-110-D, 2017 U.S. Dist. LEXIS 193091, at *2 (E.D.N.C. Nov. 21, 2017); *Reliastar Life Ins. Co. v. Laschkewitsch*, No. 5:13-CV-210-BO, 2014 U.S. Dist. LEXIS 51214, at *6 (E.D.N.C. Apr. 13, 2014) ("[A] plaintiff . . . may not effectuate service by sending a copy of the summons and complaint through certified mail." (citation omitted)); *Kelley v. Enviva, LP*, No. 7:13-CV-197-BO, 2014 U.S. Dist. LEXIS 44600, at *3-4 (E.D.N.C. Mar. 31, 2014) (same quote as Reliastar); *see also Mixon v. Page*, No. 3:23-CV-00180-FDW-SCR, 2023 U.S. Dist.

11

LEXIS 111783, at *5 (W.D.N.C. June 27, 2023) ("Thus, a plaintiff—even one proceeding *pro se*—may not effectuate service herself by sending a copy of the summons and complaint through certified mail.") (quoting *Ospina Baraya v. Ospina Baraya*, No. 3:21-CV-00640-FDW-DSC, 2022 U.S. Dist. LEXIS 138507, 2022 WL 3129590 (W.D.N.C. Aug. 4, 2022)).

**B.      Analysis**

Plaintiff filed her first motion for entry of default [DE-10] on August 27, 2025, before the clerk of court had issued a summons in this case on November 21, 2025 [DE-22].  As valid service and, by extension, any entry of default, were impossible prior to the clerk of court issuing the summons in this case, plaintiff's first motion for entry of default is meritless.  *See Morgan v. Towne Props., LLC*, No. 5:23-CV-17-D-RJ, 2023 U.S. Dist. LEXIS 45699, at *3 (E.D.N.C. Mar. 10, 2023) (denying a motion for entry of default where "plaintiff could not have served defendants with a proper summons that was signed by the clerk and contained the court's seal because he did not submit completed summonses (and the clerk therefore could not issue them) until well after he filed the motion for entry of default.").  Accordingly, the undersigned RECOMMENDS that the court DENY plaintiff's first motion for entry of default [DE-10].

With respect to plaintiff's second motion for entry of default, plaintiff represents that she "caused the Summons and Complaint to be served upon [LOGS] via certified mail" and that LOGS received such correspondence on December 22, 2025.  [DE-30-1] at 1; *see also* [DE-25] at 1 ("*Plaintiff* has now re-mailed the full service packet, including the signed/sealed summons, complaint, civil, cover sheet, and USPS tracking to the updated address.") (emphasis added).  As plaintiff is party to this case, she may not serve defendant, including by personally sending the summons by certified mail.  *See* Fed. R. Civ. P. 4(c)(2); *Locust*, No. 4:17-CV-110-D, 2017 U.S. Dist. LEXIS 193091, at *2.

12

Furthermore, even if LOGS had been validly served on December 22, 2025, it would have originally had until January 12, 2026, to respond to such summons. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Yet before this deadline expired, LOGS filed a motion for extension of time to file an answer [DE-27], which the court granted on February 10, 2026, extending the deadline for LOGS to respond to plaintiff's complaint until February 12, 2026. [DE-31]. LOGS timely filed its motion to dismiss [DE-32] on February 10, 2026. Because LOGS timely filed a response prior to the expiration of the extended deadline an entry of default is inappropriate. *See Howell v. Wood*, No. 5:17-CV-93-BO, 2018 U.S. Dist. LEXIS 43076, 2018 WL 1369916, at *3 (E.D.N.C. Mar. 16, 2018) ("The Court having previously allowed the [] defendants an extension of time to respond to the complaint, and such defendants having filed a motion to dismiss within the allowed time, entry of default is not appropriate."); *Bell v. Turner*, No. 7:17-CV-39-BO, 2017 U.S. Dist. LEXIS 144772, 2017 WL 3927666, at *1 (E.D.N.C. Sept. 7, 2017) (finding an entry of default and default judgment not warranted where the defendant filed a motion to dismiss within the time provided by the Court, even though "the second motion for extension of time was filed after the previously extended time period had expired, [because] the Court's allowance of [the] defendant's second motion for extension found good cause for the delay"); *Graham v. United States Anti-Doping Agency*, No. 5:10-CV-194-F, 2010 U.S. Dist. LEXIS 78067, 2010 WL 3027864, at *3 (E.D.N.C. Aug. 2, 2010) ("Because the Clerk of Court correctly allowed the Motion for Extension of Time, and because the [defendant] timely responded to the Complaint in accordance with the Clerk of Court's Order, [the plaintiff's] multiple Motions to Court to File Default Judgement [sic] [] are DENIED.").

Plaintiff alleges that the "sequence of events shows intentional delay and a pattern of litigation tactics aimed at frustrating judicial efficiency." [DE-35] at 2. Plaintiff has not shown,

13

based on case law or otherwise, how the timing of LOGS' motions and responses were legally impermissible or contrary to good faith conduct in litigation. Accordingly, the undersigned RECOMMENDS that the court DENY plaintiff's second motion for entry of default [DE-30].

As plaintiff's motions for entry of default fail for the reasons discussed above, there can be no default judgment. *Johnson v. Novant Health Brunswick Med. Ctr.*, No. 7:19-CV-155-BO, 2021 U.S. Dist. LEXIS 156670, at *2 (E.D.N.C. Aug. 19, 2021) ("[D]efault judgment may not be considered prior to the entry of default."); *Eagle Fire, Inc. v. Eagle Integrated Controls, Inc.*, Civil Action No. 3:06cv264, 2006 U.S. Dist. LEXIS 41054, at *14 (E.D. Va. June 20, 2006) ("The entry of default is a procedural prerequisite to the entry of a default judgment.").

Accordingly, the undersigned RECOMMENDS that the court DENY plaintiff's second motion for default judgment [DE-15].

## IV. <u>CONCLUSION</u>

For the reasons stated above, regarding the non-dispositive motions pending before the court, the undersigned ORDERS as follows:

1.   plaintiff's motion to expedite consideration [DE-12] is DENIED AS MOOT;

2.   plaintiff's motion to clarify status [DE-16] is GRANTED IN PART and DENIED IN PART;

3.   plaintiff's judicial notice and motion to compel ruling [DE-17] is DENIED AS MOOT;

4.   plaintiff's motion to reinstate [DE-23] is DENIED AS MOOT; and

5.   plaintiff's motion to expedite ruling [DE-29] is DENIED AS MOOT.

For the reasons stated above, the undersigned RECOMMENDS that the court enter an order as follows:

14

1. plaintiff's first motion for entry of default [DE-10] is DENIED;

2. plaintiff's second motion for entry of default [DE-30] is DENIED; and

3. plaintiff's motion for default judgment [DE-15] is DENIED.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on the respective parties or, if represented, their counsel. Each party shall have until **March 11, 2026**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C. Any response to objections shall be filed by the **earlier of 14 days from the filing of the objections or March 18, 2026**.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir.**

15

**1985).**

Submitted, this 1st day of March, 2026.

                _____
                Brian S. Meyers
                United States Magistrate Judge