IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-455-BO-BM

BRITTANY MONET BAINES,                   )
                                         )
                Plaintiff,               )
                                         )
        v.                               )        O R D E R
                                         )
LOGS LEGAL GROUP LLP,                    )
                                         )
                Defendant.               )

This cause comes before the Court on the memorandum and recommendation (M&R) of

United States Magistrate Judge Brian S. Meyers. [DE 37]. Plaintiff has filed a timely objection to

the M&R and in this posture the matter is ripe for disposition.

BACKGROUND

Plaintiff, who proceeds *pro se*, instituted this action on July 29, 2025. In her amended

complaint, plaintiff alleges claims for violation of the Fair Debt Collection Practices Act,

fraudulent misrepresentation and fabrication of documents, unfair and deceptive trade practices,

abuse of process and constructive fraud, and negligent misrepresentation and legal malpractice.

[DE 6]. Plaintiff's claims arise from defendant's role in a foreclosure while plaintiff was allegedly

seeking loan modification through her mortgage provider.

After she commenced this action,[1] plaintiff filed a number of motions, including motions

for entry of default and default judgment against defendant. Defendant appeared in the case and

---

[1] The Court previously adopted in part Magistrate Judge Meyers's M&R regarding plaintiff's
motion to proceed *in forma pauperis*. [DE 21]; [DE 18]. To clarify the record, plaintiff's objections
to the prior M&R [DE 19] are OVERRULED AS MOOT.

filed a motion to dismiss, which at the time of entry of the M&R was not ripe for disposition. *See* [DE 32]. Magistrate Judge Meyers has recommended that the Court deny plaintiff's motions for entry of default and default judgment. [DE 37]. In her objection, plaintiff argues that defendant received actual notice of the action through plaintiff's repeated attempts at service, that its appearance confirms that it received notice of plaintiff's claims, that any technical deficiencies in plaintiff's service attempts did not prejudice defendant, and that plaintiff does not seek to delay adjudication of the merits of her claims. [DE 38]. Though plaintiff has stated that she objects to the M&R, she asks the Court to conduct de novo review of the default and service issues while allowing the case to proceed to resolution on the merits. *Id.*

## DISCUSSION

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up) (emphasis omitted); *see also* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3). A party's objections must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "[W]hen reviewing pro se objections to a magistrate's recommendation, district courts must review de novo any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 460–61 (4th Cir. 2023). Where no specific objections have been filed, the court reviews for clear error only. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). On clear error review, the court has no obligation to explain its reasoning for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

2

Although she seeks resolution of the merits of her claims, plaintiff nonetheless has objected to the magistrate judge's recommendation that her motions for entry of default and default judgment be denied. Entry of Clerk's default is required where "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Fed. R. Civ. P. 55(a).

As to plaintiff's first motion for entry of default [DE 10], Magistrate Judge Meyers has correctly found that plaintiff could not have effected proper service on defendant prior to the Clerk issuing the summons. *See Morgan v. Towne Props., LLC*, No. 5:23-CV-17-D-RJ, 2023 U.S. Dist. LEXIS 45699, at *2 (E.D.N.C. Mar. 10, 2023). As plaintiff cannot demonstrate proper service on defendant as of the filing of her first motion for entry of default, the motion [DE 10] is denied. *See Md. State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant."). Plaintiff's motion for entry of default judgment [DE 15] is also denied, as entry of default was not warranted.

As to plaintiff's second motion for entry of default [DE 30], Magistrate Judge Meyers correctly found that, even assuming defendant was validly served on December 22, 2025, defendant timely moved for an extension of time to answer and timely filed its motion to dismiss. *See* [DE 30-1]; [DE 27]; [DE 31]; [DE 32]; *see also Graham v. U.S. Anti-Doping Agency*, No. 5:10-CV-194-F, 2010 WL 3027864, at *3 (E.D.N.C. Aug. 2, 2010) (responding to complaint within time provided by motion for extension of time does not support entry of default).

Moreover, this circuit has "a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). This is especially true where, as here,

3

the defendant has appeared and filed a motion to dismiss. *See, e.g., Karagiannopoulos v. City of Lowell*, No. 3:05-CV-401-W, 2006 WL 8426576, at *1 (W.D.N.C. Nov. 7, 2006). Accordingly, having conducted de novo review, the Court adopts the recommendation that plaintiff's motions for entry of default and default judgment be denied.

## CONCLUSION

For the foregoing reasons, plaintiff's objections to the M&R [DE 38] are OVERRULED and the M&R [DE 37] is ADOPTED IN FULL. Plaintiff's motions for entry of default [DE 10]; [DE 30] and plaintiff's motion for entry of default judgment [DE 15] are DENIED. To clarify the record, plaintiff's objections to the prior M&R [DE 19] are OVERRULED AS MOOT.

SO ORDERED, this 23 day of March 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4